# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VANGJUSH XHURKA,

    Defendant.

Case No. 2:12-CR-0078-KJD-GWF

**ORDER**

Presently before the Court is Defendant's Motion for Release Pending Appeal (#66). Plaintiff filed a response in opposition (#67) to which Defendant replied (#69). Also before the Court is Defendant's Emergency *Ex Parte* Motion to Remain on Bail Pending Appeal (#74).

I. Background

Defendant Vangjush Xhurka ("Defendant") pled guilty to one count of conspiracy to manufacture and distribute marijuana and hashish oil in violation of 21 U.S.C. § 846. On March 27, 2013, Defendant was sentenced to 60 months of imprisonment and four years of supervised release. Defendant was ordered to surrender to federal authorities on June 21, 2013.

On April 5, 2013, the Court was notified that Defendant was appealing the sentence to the Ninth Circuit Court of Appeals. On May 3, 2013, Defendant filed the present motion, requesting he remain out of custody pending the outcome of his appeal. Defendant argues the sentence imposed by

the Court was in error and that he qualifies for a reduction in sentence under "safety valve" sentencing guidelines.

## II. Legal Standard for Motion for Release Pending Appeal

18 U.S.C. § 3143(b) allows the Court to release a defendant pending an appeal if: (1) there is clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and (2) that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served.

## III. Motion for Release Pending Appeal

Defendant argues that he should remain out of custody pending appeal of the erroneous sentencing term imposed by this Court that will inevitably be reversed by the appellate court. The Court disagrees with Defendant's position and finds that his appeal does not raise a substantial question of law or fact likely to result in reversal, or that his appeal will result in a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the total of the time already served.

### A. Defendant Has Not Shown Clear and Convincing Evidence That He Poses No Danger to the Community

Defendant argues that he is neither a flight risk nor a danger to the community. Based on the evidence presented, the Court agrees that Defendant is likely not a flight risk. Defendant has significant ties to the community and it does not appear he has any intention of fleeing should he remain out of custody pending his appeal. However, Defendant's argument that he poses no danger to the community is debatable.

The Court must find that there is clear and convincing evidence that Defendant does not pose a flight risk or a danger to the community. See U.S. v. Owens, 854 F.2d 432, 436 (11th Cir. 1988).

Defendant has the burden of proof by clear and convincing evidence to show that his claim is highly probable, which is more exacting than the standard of preponderance of the evidence, but less exacting than the standard of proof beyond a reasonable doubt. See Id.

Law enforcement carried out a search warrant on Defendant's home on January 19, 2012. See Motion to Release Pending Appeal, Exhibit H, Docket #66. Inside, they found a fully operational marijuana grow house and two firearms in the master bedroom, one of which was behind the headboard of the bed where Defendant slept. Id. Law enforcement collected approximately 150 marijuana plants, along with hashish oil. Id. Defendant was indicted for conspiracy to distribute marijuana, conspiracy to distribute hashish oil, possession with intent to manufacture a controlled substance, possession of marijuana with intent to distribute, possession of hashish oil with intent to distribute, and maintaining a drug-involved premises. See Indictment, Docket #1. He eventually pled guilty to one count of conspiracy to manufacture and distribute marijuana and hashish oil in violation of 21 U.S.C. § 846. See Judgment, Docket #57.

The fact that Defendant was indicted for operating a marijuana grow house where firearms were present calls into question Defendant's claim that he does not pose a danger to the community. Defendant's romantic relationship with a co-defendant, starting when she was age sixteen, left her susceptible to his influence and led to her involvement in the crimes at issue. Given Defendant's guilty plea to a crime connected to firearms and illegal narcotics and his willingness to involve others in illegal activity, the Court cannot find, in this case, clear and convincing evidence that he poses no danger to the community.

B. Defendant Cannot Show a Substantial Question of Law or Fact and Will Likely Not Prevail on Appeal

Assuming Defendant poses no flight risk or threat to the community, his pending appeal will likely not result in reversal, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected

duration of the appeal process. See 18 U.S.C. § 3143(b)(1)(B). Defendant's Motion for Release Pending Appeal asks the Court to allow Defendant to remain out of custody pending an appeal for a reduction in the sentence imposed by the Court. However, in order for the Court to grant the motion, it has to believe that Defendant's appeal will be granted and Defendant will be resentenced. See Id. The Ninth Circuit Court will review Defendant's appeal de novo and review the Court's underlying factual determinations for clear error. See U.S. v. Garcia, 340 F.3d 1013, 1015 (9th Cir. 2003). The Court does not believe that the Ninth Circuit Court will find clear error and grant Defendant's appeal.

i. Firearms Used for Home Defense

Defendant argues that he should be entitled to safety valve relief because the firearms he possessed were used for home defense, and not in connection with the charged offense. The Court disagrees and finds that Defendant has not raised a substantial question of law or fact and will not succeed on appeal.

In order to qualify for safety valve relief: (1) Defendant does not have more than one criminal history point; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon... in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and (5) the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense. See 18 U.S.C. § 3553(f)(1-5). Only the second prong is at issue.

A search warrant was executed on Defendant's home and a large amount of live marijuana plants were found. See Motion to Release Pending Appeal, Exhibit H, Docket #66. Law enforcement also found a large amount of hashish oil and two firearms. See Id. Defendant argues that the firearms were used for "home defense" and not "in connection with the [drug] offense." See Transcript of Proceeding, Docket #64, p. 6. However, this argument requests the Court to accept considerable leaps in logic.

4

In Ferryman, a case strikingly similar to the instant case, the defendant was charged in California for operating a marijuana grow house. U.S. v. Ferryman, 444 F.3d 1183, 1185 (9th Cir. 2006). During a search of his home, law enforcement found several firearms placed throughout the house. Id. Ferryman accepted a plea deal and was denied safety valve relief because of the firearms. Id. Ferryman appealed and the Ninth Circuit Court upheld the district court's sentence. Id. at 1187. Defendant argues that the instant case is distinguishable from Ferryman based on the number of firearms found and Ferryman's strategic placement of firearms throughout his home. The Court believes the instant case is indistinguishable from Ferryman based on the Ninth Circuit Court's determination of the phrase "in connection with." "The phrase 'in connection with' is not defined under 18 U.S.C. § 3553(f)... We interpret it with reference to the same phrase under U.S.S.G. § 2D1.1(b)(1)..., which authorizes a two-level enhancement to a defendant's base offense level if "a dangerous weapon (including a firearm) was possessed." Id. at 1186 (Citations omitted).

Further, the Court disagrees with the premise that firearms used in home defense are not used in connection with the offense, because the Defendant is essentially charged with operating a marijuana grow house. Should Defendant need to use his firearms for home defense, he would necessarily be using a firearm to defend his marijuana grow house, thus using a firearm in connection with the offense. Moreover, like Ferryman, the Court is unable to ascertain how Defendant could use firearms in defense of his home, in a way separate from the defense of the marijuana growing operation. Id. The fact that Defendant possessed firearms for defense in his home, which was admittedly a marijuana grow house, disqualifies him from safety valve relief because he possessed a firearm in connection with the offense with which he was charged.

Defendant has not shown that there is a substantial question of law or fact with respect to the Court's determination that the firearms were used in connection with the offense. Therefore, the Court denies his motion for bond pending an appeal.

### ii. Drugs Were Also Found in the Master Bedroom Closet

Defendant also argues the fact that no drugs were found in the master bedroom, where the firearms were discovered, shows the firearms were not used in connection with the drug offense. However, Defendant's argument fails because law enforcement found dozens of marijuana plants in the master bedroom's walk-in closet. <u>See</u> <u>Motion to Release Pending Appeal</u>, Exhibit H, Docket #66. Moreover, there were supplies for the marijuana grow house found inside the master bathroom. <u>See</u> <u>Id</u>. The close proximity of the master bedroom closet and the master bathroom to the master bedroom, in addition to the fact that one must pass through the master bedroom in order to enter the closet and bathroom, renders frivolous the argument that because no plants were found in the master bedroom area with the firearms he was safety valve eligible.

At the sentencing hearing, the court found specious Defendant's argument that a gun used in connection with protecting the grow operation would necessarily be kept on the ground floor with the plants being grown at that location. The Court determined that having the guns on the ground floor, the most likely site of a forced entry, would present the problem of Defendant being cut off from his weapons by intruders. Having a shotgun behind the headboard of the bed in which he was sleeping on the second floor, and a second gun in the same bedroom, would eliminate that problem. It would provide the Defendant with immediate access to his weapons and the ability defend the grow operation on the second floor where he controlled the stairway and doorway access to grow chemicals in the master bathroom and marijuana plants growing in the master bedroom closet. Defendant has failed to raise a substantial question of law or fact on appeal and his motion is denied.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Release Pending Appeal (#66) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Emergency *Ex Parte* Motion to Remain on Bail Pending Appeal (#74) is **GRANTED** to the extent that Defendant remain on bond until the

Ninth Circuit rules on the emergency motion for release pending appeal filed in that court. Therefore, Defendant need not self-surrender on June 21, 2013 by noon.

DATED this 21st day of June 2013.

                                                                     _____
                                                                     Kent J. Dawson
                                                                     United States District Judge